CASE NO. 25-1568

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

JANE DOE,

*Appellee/Petitioner,*

v.

ANOKA COUNTY; JAMES STUART, THE ANOKA COUNTY SHERIFF IN HIS OFFICIAL CAPACITY; AND DETECTIVE LARRY JOHNSON, NOW RETIRED, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,

*Appellants/Respondents.*

Appeal from the United States District Court
for the District of Minnesota,
Case No. 21-CV-02649 (ECT)

# JANE DOE'S PETITION FOR REHEARING

Hagedorn Law Firm, P.L.L.C.
Adam C. Hagedorn (Atty. No. 399050)
2429 Nicollet Ave., 2nd Flr.
Minneapolis, MN 55404
Phone: 612-230-7299

*Attorney for Petitioner Jane Doe.*

# TABLE OF AUTHORITIES


**SUPREME COURT CASES** **PAGE**

*Cohen v. Beneficial Indus. Loan Corp.*
337 U.S. 541 (1949) ....................7, 8

*Digital Equipment Corp. v. Desktop Direct, Inc.*
511 U.S. 863 (1994) ....................1, 7

*Howlett v. Rose*
496 U.S. 356 (1990) ....................6, 15

*Johnson v. Jones*
515 U.S. 304 (1995) ....................1, 7

*Microsoft Corp. v. Baker*
582 U.S. 23 (2017) ....................14

*Owen v. City of Independence*
445 U.S. 622 (1980) ....................5

*Swint v. Chambers County Comm'n*
514 U.S. 35 (1995) ....................*passim*

*United States v. Stanley*
483 U.S. 669 (1987) ....................8

*Will v. Hallock*
546 U.S. 345 (2006) ....................14

**EIGHTH CIRCUIT CASES** **PAGE**

*Duit Constr. Co. v. Bennett*
796 F.3d 938 (8th Cir. 2015) ....................14, 15

*Hardin v. Norris*
614 F.3d 445 (8th Cir. 2010) ....................1, 9, 10, 11

*Johnson v. Griffin*
69 F.4th 506 (8th Cir. 2023) ....................................................................14, 15

*Kincade v. City of Blue Springs*, Mo.
64 F.3d 389 (8th Cir. 1995) ...............................................................2, 9, 10

*Manning v. Cotton*
862 F.3d 663 (8th Cir. 2017) ..........................................................................10

*McDaniel v. Precythe*
897 F.3d 946 (8th Cir. 2018) ..........................................................................15

*Mettler v. Whitledge*
165 F.3d 1197 (8th Cir. 1999) ........................................................................11

*Walker v. City of Pine Bluff*
414 F.3d 989 (8th Cir. 2005) ....................................................................*passim*

*Woolfolk v. Smith*
81 F.3d 741 (8th Cir. 1996) ............................................................................10

**OTHER CIRCUIT COURT CASES** **PAGE**

*E.I. DuPont de Nemours & Co. v.*
*Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*,
269 F.3d 187 (3d Cir. 2001) ...........................................................................13

*Freyre v. Chronister*
910 F.3d 1371 (11th Cir. 2018) ..................................................................2, 15, 16

*Griswold v. Coventry First LLC*
762 F.3d 264 (3d Cir. 2014) .......................................................................2, 13, 16

*O'Hanlon v. Uber Technologies, Inc.*,
990 F.3d 757 (3d Cir. 2021) ........................................................................2, 16

*Limone v. Condon*
372 F.3d 39 (1st Cir. 2004)..............................................................................2, 16

*Summit Med. Assocs., P.C. v. Pryor*
180 F.3d 1326 (11th Cir. 1999) ....................2, 16

*Triad Assocs., Inc. v. Robinson*
10 F.3d 492 (7th Cir. 1993) ....................2, 16

**STATE COURT CASES** **PAGE**

*Finch v. Wemlinger*
310 N.W.2d 66 (Minn. 1981) ....................6

**CONSTUTIONAL PROVISIONS**

U.S. Const. art. III ....................*passim*

U.S. Const. amend. XI ....................13, 14, 15

U.S. Const. amend. XIV ....................4

**STATUTES**

26 U.S.C. §1983 ....................5, 6, 11, 15

26 U.S.C. §1985(3) ....................6

28 U.S.C. §1291 ....................*passim*

28 U.S.C. §1292 ....................*passim*

Minn. Stat. §466.03, subd. 6 ....................6

**RULES**

Fed. R. Civ. P. 54(b) ....................11

**OTHER AUTHORITIES**

*Pet. for Writ of Certiorari* at i–ii, *Allen v. Stein*
No. 26-114 (U.S. filed July 20, 2026) ....................2

## STATEMENT REGARDING NECESSITY OF EN BANC REHEARING

The interlocutory appeal by Appellants (now Respondents) from the district court's immunity rulings raises important questions about this Court's pendent appellate jurisdiction. Respondents invoked pendent appellate jurisdiction to seek review of a variety of issues, such as standing and whether Doe stated a cause of action, both of which alone are not subject to interlocutory review. Doe objected, arguing the panel lacked jurisdiction to decide standing in this interlocutory appeal.

The panel acknowledged that collateral order review is generally limited to immunity and issues "inextricably intertwined" with immunity, but separately held it could review standing because Article III standing is "jurisdictional." Op. 4-5. The panel dismissed all of Doe's federal claims with prejudice for lack of standing, and never addressed the merits of Respondents' immunity arguments, which provided the asserted basis for interlocutory appellate jurisdiction. Op. 9-10.

The panel's decision conflicts with statutory authority and Supreme Court precedent, creates uncertainty about pendent appellate jurisdiction within this Circuit, and highlights a split between the Circuits.

The panel's decision conflicts with Supreme Court decisions: *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47-51 (1995); *Johnson v. Jones*, 515 U.S. 304, 313-18 (1995); and *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994); this Court's decisions in *Hardin v. Norris*, 614 F.3d 445, 457-58

(8th Cir. 2010), *Walker v. City of Pine Bluff*, 414 F.3d 989, 993 (8th Cir. 2005), and *Kincade v. City of Blue Springs*, Mo., 64 F.3d 389, 394 (8th Cir. 1995); and decisions of other appellate courts applying *Swint* to standing issues, or other potentially dispositive pendent issues, raised in immunity appeals: *see, e.g.*, *O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 765 (3d Cir. 2021); *Freyre v. Chronister*, 910 F.3d 1371, 1379 (11th Cir. 2018); *Griswold v. Coventry First LLC*, 762 F.3d 264, 269 (3d Cir. 2014); *Limone v. Condon*, 372 F.3d 39, 49-53 (1st Cir. 2004); *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999); and *Triad Assocs., Inc. v. Robinson,* 10 F.3d 492, 496 n.2 (7th Cir. 1993).

Pendent appellate jurisdiction presents an issue of exceptional importance beyond this case. A recent certiorari petition raises a related concern: whether pendent appellate jurisdiction extends beyond *Swint*'s two recognized circumstances. *Pet. for Writ of Certiorari* at i-ii, *Allen v. Stein*, No. 26-114 (U.S. filed July 20, 2026). Doe's case presents a complementary issue: whether an appellate court may evade the *Swint* limits by treating Article III standing as independently reviewable in an interlocutory immunity appeal. Both approaches transform a narrow immunity appeal into case dispositive interlocutory review of an issue neither Congress nor the Supreme Court made immediately appealable.

Accordingly, en banc review is necessary to enforce *Swint*'s limits and preserve the finality rule. Otherwise, the narrow exceptions to pendent jurisdiction

threaten to engulf the finality rule and embolden litigants to seek early dismissal of claims before meaningful review in the district court.

If en banc review is denied, Doe requests panel rehearing on the jurisdictional issue. Doe further contends the panel's standing analysis was a merits based review of her claims under a jurisdictional label. At a minimum, Doe's federal claims should be dismissed without prejudice with leave to amend.

## BACKGROUND

Jane Doe was raped when she was 14 years old. App. 8; R. Doc. 1, at 1 ¶1. Doe reported the sexual assault and identified the man who sexually assaulted her to the Anoka County Sheriff's Office. App. 12; R. Doc. 1, at 5 ¶¶32-33. She underwent an intrusive examination and submitted evidence for a sexual assault kit. *Id*. ¶31. Larry Johnson, an Anoka County Sheriff's detective at the time, was assigned to Doe's case. *Id*. ¶36. Detective Johnson told Doe's mother, her legal guardian, that no DNA was obtained from the sexual assault kit. *Id*. ¶38. Criminal charges against the assailant were dismissed without prejudice.

Approximately 15 years later, Doe learned her sexual assault kit had not been tested because Detective Johnson had never submitted it for testing. App. 2; R. Doc. 1, at 2 ¶15. When Doe's kit was finally tested, it revealed DNA evidence of the man she identified as her assailant almost 15 years earlier. App. 14; R. Doc. 1, at 7 ¶54. Alarmingly, Doe's kit sat in storage with 494 other untested rape kits

due Anoka County Sheriff's Office policy and practice to not investigate rapes with female victims. App. 13-14; R. Doc. 1, at 6 ¶¶46 and 54; App. 15-16, 18; R. Doc. 1, at 8-11 ¶¶61, 70, 72, 78 and 81. Anoka County subsequently reinstated criminal charges against her assailant on its own volition. *Id*.

Shortly after Doe commenced this action, Respondents moved for judgment on the pleadings. R. Doc. 28. The district court dismissed Doe's complaint for lack of standing. App. 25-37; R. Doc. 39-40. Doe appealed the district court's first order. This Court reversed and remanded that order. App. 132; R. Doc. 47, at 1-2.

On remand, the district court concluded Doe had standing, denied Respondents' motion on Doe's remaining federal claims and state law intentional infliction of emotional distress claim, and held Doe sufficiently pleaded a Fourteenth Amendment Equal Protection claim. The district court did not certify any controlling question for interlocutory review under §1292(b).

Pertinent for this petition are the district court's immunity rulings. The district court concluded that qualified immunity was not at issue as to Johnson because Doe asserted no constitutional claim against him. It addressed official immunity and Minnesota statutory discretionary function immunity as to Anoka County, neither of which governed Doe's federal claims.

Respondents filed this collateral order appeal, premised on the denial of their immunity defenses, and invoked pendent jurisdiction to include other issues

decided by the district court, such as standing and failure to state a claim. Doe argued this Court lacked jurisdiction to decide standing in this interlocutory appeal.

The panel decided standing first, determining it was independently reviewable because it is jurisdictional, and never reached Respondents' immunity arguments. The panel concluded Doe lacked standing, reversed the district court's second order, dismissed all federal claims with prejudice, leaving only Doe's state law IIED claim.

## REASONS FOR GRANTING REHEARING EN BANC

### 1. The Panel's Decision Exceeds this Court's Limited Interlocutory Appellate Jurisdiction.

It is unclear what immunity ruling authorized interlocutory review of Doe's federal claims. The district court held, "[q]ualified immunity is not an issue" as to Johnson because Doe alleged no federal constitutional claim against him. Add. 30-31. And municipal entities cannot invoke qualified immunity. *Owen v. City of Independence*, 445 U.S. 622, 657 (1980). Thus, neither Anoka County nor the Sheriff, in his official capacity, had a qualified immunity defense to Doe's §1983 claims. Although Respondents asserted Minnesota state law immunities, those defenses did not authorize interlocutory review of the federal claims. Yet the panel dismissed the federal claims against the County and Sheriff Stuart with prejudice.

Likewise, Johnson asserted Minnesota official immunity as to Doe's state law negligence and IIED claims, and the Sheriff asserted vicarious official

immunity arising from Johnson's conduct. Add. 31-35. The district court held Johnson and Stuart immune on the negligence claim, but held that official immunity did not bar Doe's IIED claim. *Id.* at 33-35. Minnesota official immunity does not shield a defendant from §1983 liability. *Howlett v. Rose*, 496 U.S. 356, 376 (1990) ("conduct by persons acting under color of state law which is wrongful under 42 U.S.C. §1983 or §1985(3) cannot be immunized by state law") (cleaned up); *Finch v. Wemlinger*, 310 N.W.2d 66, 69-70 (Minn. 1981). Likewise, Anoka County's defense under Minn. Stat. §466.03, subd. 6, is a Minnesota state law defense and does not govern §1983 claims. *Howlett*, 496 U.S. at 375-76.

This Court's appellate jurisdiction is statutory and generally has been limited to "final decisions of the district courts." 28 U.S.C. §1291. Congress has authorized jurisdictional exceptions to the finality rule: select classes of orders subject to interlocutory appeal. 28 U.S.C. §1292(a) and (b). Congress also gave district courts initial authority to certify otherwise nonappealable orders for interlocutory review. 28 U.S.C. § 1292(b). The Supreme Court explained that granting an appellate court authority to append additional rulings to a collateral order appeal would "severely undermine[]" that two-tiered statutory arrangement. *Swint*, 514 U.S. at 47. Here, the district court did not certify any controlling question for interlocutory review under §1292(b).

The collateral order doctrine is judicially created, originating from *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949), which recognized a narrow class of orders that are treated as final for purposes of §1291 even though they do not end the litigation. *Digital Equip.,* 511 U.S. at 867 (citation omitted) ("The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in §1291, but as a 'practical construction of it'"). No final order existed here. Moreover, a proper immunity interlocutory appeal does not automatically confer appellate jurisdiction over a separate, otherwise nonappealable standing ruling. A ruling rejecting a standing challenge is not among the categories of collateral orders the Supreme Court has recognized as immediately appealable. See *Swint*, 514 U.S. at 45-51; *Digital Equip.*, 511 U.S. at 867-68; *Johnson*, 515 U.S. at 313-18.

Nonetheless, Respondents used the district court's denial of their questionable immunity defenses to present otherwise unappealable issues, like standing and failure to state a claim, for this Court to decide, asserting pendent appellate jurisdiction over the additional issues. Indeed, Respondents devoted 31 pages of their principal brief to standing and only 10 pages to immunity. That disproportionate focus supports Doe's position that the immunity appeal served as a vehicle for premature review of standing.

After concluding that Doe lacked standing to assert her constitutional claims, the panel held that it lacked jurisdiction over those claims and declined to address Respondents' accompanying immunity arguments. (i.e., the issues Respondents invoked as the basis for interlocutory review). Op. 4-5. The panel reversed the district court's standing ruling, and dismissed Doe's federal claims with prejudice. *Id.* at 10. The panel thus treated Article III standing as independently reviewable without determining whether standing was inextricably intertwined with, or necessary to ensure meaningful review of, the immunity issues before the Court.

**2. The Panel's Standing Ruling Conflicts with *Swint* and this Circuit's Narrow Pendent Appellate Jurisdiction Rule.**

In *Swint*, the Supreme Court cautioned that "a rule loosely allowing pendent appellate jurisdiction would encourage parties to parlay *Cohen*-type collateral orders into multi-issue interlocutory appeal tickets," a concern that "bears on civil cases as well." *Swint,* 514 U.S. at 49-50; accord *United States v. Stanley,* 483 U.S. 669, 676-77 (1987). Simply put, broad use of collateral order appeals to invoke the Court's limited interlocutory appellate jurisdiction and then assert the Court has pendent jurisdiction on otherwise unappealable issues bypasses the finality rule and the congressionally prescribed grounds for interlocutory appellate jurisdiction. *Swint*, 514 U.S. at 49-50; 28 U.S.C. §§1291-1292.

*Swint* identified two circumstances where a court may review an otherwise nonappealable issue with an appealable collateral order: when the additional issue is "inextricably intertwined" with the appealable issue, or when review of the additional issue is "necessary to ensure meaningful review" of the appealable issue. *Swint,* 514 U.S. at 51. The Eighth Circuit traditionally adopted those circumstances as narrow limits for pendent appellate jurisdiction. See *Hardin*, 614 F.3d at 457-58; *Kincade*, 64 F.3d at 394; *Walker*, 414 F.3d at 993.

The issue is whether standing was inextricably intertwined with, or necessary to ensure meaningful review of, an independently appealable immunity issue. Here, it was not.

**a. Pendent Issues Must be Inextricably Intertwined or Necessary for Meaningful Review.**

This Court has treated the two *Swint* circumstances as the limit of pendent appellate jurisdiction. The panel's decision here deviates from that tradition. In *Kincade*, this Court adopted the rule that the issue for which pendent appellate jurisdiction is being sought:

> can be regarded as inextricably intertwined with a properly reviewable claim on collateral appeal only if the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal--that is, when the appellate resolution of the collateral appeal necessarily resolves the pendent claim as well.

64 F.3d at 394; *accord Hardin*, 614 F.3d at 457. In *Hardin,* this Court clarified the order in which issues should be resolved in an appeal under the collateral order doctrine, writing:

> resolving the collateral claim (the denial of qualified immunity) must necessarily resolve the pendent claim (what the medical defendants call the "issue of actual injury"), not the other way around.

*Hardin*, 614 F.3d at 457; *see also Woolfolk v. Smith,* 81 F.3d 741 (8th Cir. 1996); *Manning v. Cotton,* 862 F.3d 663, 671 (8th Cir. 2017). That rule precludes treating a nonappealable issue as reviewable merely because deciding it would eliminate the need to decide immunity. Here, the panel's analysis did the reverse of *Hardin*: it decided the pendent issue, without deciding the collateral issues.

**b. Here, the Collateral Claim Allowing Interlocutory Appellate Jurisdiction (Immunity) Must Necessarily Resolve the Pendent Claim (Standing).**

While the panel recognized that collateral order review is limited to immunity and issues "inextricably intertwined" with immunity, it did not determine that Doe's standing was coterminous with, subsumed in, or necessary to meaningful review of Respondents' immunity defenses. *Swint*, 514 U.S. at 51; *Kincade*, 64 F.3d at 394; and *Walker*, 414 F.3d at 993; Op. 4. Nonetheless, the panel concluded it could decide Article III standing first because it is "jurisdictional." Op. 4-5.

The panel's analysis is backward. *Hardin*, 614 F.3d at 457-58. The panel's failure to reach Respondents' immunity arguments confirms that standing was neither inextricably intertwined with nor necessary for meaningful review of immunity. After concluding Doe lacked standing, the panel dismissed Doe's federal claims with prejudice against all Respondents. Op. 9-10. This is improper. A nonappealable issue, such as standing, cannot be inextricably intertwined or necessary for meaningful review of an appealable immunity issue when the Court avoids deciding the immunity issue altogether.

As explained above, the asserted state law immunities did not resolve Doe's §1983 claims against Anoka County and the Sheriff. Accordingly, standing is not coterminous with, subsumed in, or necessary to meaningful review of the appealable immunity issue. Add. at 35-36 & n.5; *see also Mettler v. Whitledge*, 165 F.3d 1197, 1201-02 (8th Cir. 1999).

The district court did not enter a Fed. R. Civ. P. 54(b) final judgment or certify a question for interlocutory review under 28 U.S.C. §1292(b). At most, the Court could reach standing only if it were inextricably intertwined with, or necessary to ensure meaningful review of, an independently appealable immunity issue. The panel made neither finding and did not decide any immunity issue. *Hardin* and *Walker* confirm that an issue does not become reviewable merely because deciding it eliminates the need to resolve immunity.

### 3. This Court's Decision in *Walker v. City of Pine Bluff* Rejected the Panel's Reasoning.

The panel's conclusion here rests on the same line of reasoning this Court rejected in *Walker*: the panel reached the nonappealable issue because resolving it eliminated any need to decide the appealable immunity issue. *Walker*, 414 F.3d at 993. In *Walker*, the defendant appealed a denial of qualified immunity and sought review of an earlier order granting leave to amend the complaint. *Id.* The defendant contended the leave to amend order was intertwined with immunity because qualified immunity became relevant only after the amendment. *Id.* This Court rejected that argument as "without merit," explaining it "need not review the question whether the district court abused its discretion in allowing Walker to amend his complaint in order to review the denial of qualified immunity" and concluded the Court lacked jurisdiction to review the leave to amend order. *Id.*

The panel's standing rationale is structurally indistinguishable from *Walker*. Review of Respondents' immunity arguments did not require a standing analysis. Instead, the panel's decision to resolve standing and end the case eliminated the need to decide immunity. *Walker* establishes that the relevant question is whether review of the additional issue is necessary to decide immunity, not whether deciding the additional issue would make immunity unnecessary. Put another way, an issue does not become reviewable on interlocutory appeal because it created, preceded, or would eliminate the immunity question.

4. **The Panel's Decision to Decide Standing before Immunity Improperly Extended Pendent Appellate Jurisdiction.**

Although Article III standing is jurisdictional,[1] the fact that a doctrine is jurisdictional does not necessarily make a district court's ruling on it independently reviewable on interlocutory appeal. *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 203-04 (3d Cir. 2001) (that an issue can be case dispositive does not avoid the requirement to satisfy *Swint*). The panel's reliance on the jurisdictional character of standing does not resolve the threshold question of whether this Court had interlocutory appellate jurisdiction to decide the issue. An appellate court cannot create interlocutory appellate jurisdiction where none existed. *Swint*, 514 U.S. at 48-49; *Hardin*, 614 F.3d at 454-55. As the Third Circuit observed:

> In other words, although standing is always a threshold issue, standing to appeal should not be confused with standing to sue. Once a district court has determined that a plaintiff has standing to sue, our power to adjudicate that issue on an interlocutory basis is limited.

---

[1] Doe understands the panel's reference to Eleventh Amendment immunity as an illustrative jurisdictional analogy. Respondents asserted no Eleventh Amendment immunity defense, and the district court did not address one.

*Griswold*, 762 F.3d at 269.

To be clear, Doe does not contend that an appellate court may decide a case absent a case or controversy or Article III standing. Rather, an appellate court must first have jurisdiction to decide an issue outside the narrow limits of interlocutory immunity appeals. 28 U.S.C. §§1291-1292; *Will v. Hallock*, 546 U.S. 345, 350 (2006) ("we have meant what we have said; although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership."). In fact, the Supreme Court has repeatedly rejected efforts to expand §1291 through procedural devices that circumvent Congress's prescribed mechanisms for interlocutory review. *See Microsoft Corp. v. Baker*, 582 U.S. 23, 36-40 (2017). Accordingly, the general obligation to ensure Article III jurisdiction does not create statutory authority for immediate interlocutory appellate review of otherwise nonappealable issues.

The cases relied on by the panel do not support its decision to decide standing before, or in conjunction with, the immunity defenses. The three cases on which the panel relied involve a shared predicate between standing and a claim of Eleventh Amendment immunity. In *Duit Constr. Co. v. Bennett*, 796 F.3d 938, 940-41 (8th Cir. 2015), this Court identified a "common thread" between Article III standing and Eleventh Amendment immunity. *Id.* That analysis turned on the same question: whether the named officials had a connection to the allegedly

discriminatory conduct and could redress the claimed injury. Thus, this Court ultimately determined that *Duit* had "sued the wrong parties." *Id.* No comparable "common thread" exists here. Qualified immunity was inapplicable, Johnson's official immunity claim concerned only state law claims, and state municipal tort immunity does not govern federal §1983 actions. *Howlett*, 496 U.S. at 375-76.

*Johnson v. Griffin*, 69 F.4th 506, 509-12 (8th Cir. 2023), cited *Duit* for the proposition that the Court may address standing as part of an interlocutory appeal from a denial of Eleventh Amendment immunity. The Court ultimately concluded the plaintiff had standing and the State was not entitled to Eleventh Amendment immunity. Like *Duit*, *Johnson* provides no authority to decide standing before the immunity issues presented here. Last, *McDaniel v. Precythe*, 897 F.3d 946, 949-50 (8th Cir. 2018), confirms only that a court must assure itself of an Article III case or controversy before adjudicating Eleventh Amendment immunity.

Here, the panel did not identify a comparable shared predicate between Doe's standing and Respondents' immunity defenses. Rather, it decided Doe lacked standing, thereby rendering immunity unnecessary. That extension of *Duit*, *Johnson*, and *McDaniel* converts a narrow collateral order appeal into plenary review of standing and other threshold issues, performing an end run around *Swint* and congressional limits on appellate jurisdiction. 28 U.S.C. §1292(b); compare *Freyre*, 910 F.3d at 1379 ("[w]e ultimately declined to exercise jurisdiction

because the two questions were not inextricably intertwined–the question of [Eleventh Amendment] immunity could be resolved without reaching the merits of the standing challenge.”).

5. **Other Circuits Apply *Swint*'s Limits to Standing, and Other Potentially Dispositive, Issues Raised in Interlocutory Appeals.**

The jurisdictional status of standing does not permit an appellate court to decide standing in a collateral order appeal when standing is neither intertwined with nor necessary to decide immunity: In the Eleventh Circuit: *Freyre*, 910 F.3d at 1379; *Summit,* 180 F.3d at 1336 (“courts have recognized that the issue of standing is not effectively unreviewable on appeal from a final judgment and, thus, fails the last prong of the collateral order doctrine.”). In the Third Circuit: *Griswold,* 762 F.3d at 269; *O'Hanlon*, 990 F.3d at 765 (“[w]e are not persuaded by Uber's arguments that we either must or, in our discretion, should decide whether Plaintiffs have standing to sue.”). In the Seventh Circuit: *Triad Assocs.,* 10 F.3d at 496 n. 2 (“we do not find that [the nonappealable collateral standing issue is] ‘inextricably entwined’ with the appealable qualified immunity inquiry nor that there are ‘compelling reasons' ... that would justify invoking our rarely appropriate pendent appellate jurisdiction.”) (citation omitted). In the First Circuit: *Limone*, 372 F.3d at 49-53 (declining pendent review of a potentially dispositive issue in a qualified immunity appeal because it was neither inextricably intertwined with nor necessary to review qualified immunity).

The panel's approach permits plenary review of standing and any other potentially dispositive jurisdictional issues in collateral order immunity appeals, undermining §1291, §1292, and *Swint*.

**6. Alternatively, the Panel Resolved Merits Issues When it Determined Doe Lacked.**

Even if the Court had interlocutory jurisdiction to decide standing, the panel misapprehended Doe's allegations. Article III standing asks whether Doe alleged a concrete injury fairly traceable to Respondents and likely redressable by a favorable decision. It does not ask whether Doe ultimately pleaded a plausible Equal Protection claim. The panel nevertheless treated the sufficiency of Doe's Equal Protection allegations as dispositive of standing. The concurrence made that approach explicit: it concluded Doe's complaint lacked sufficient factual allegations of discriminatory animus or gender discrimination to state a plausible Equal Protection claim. Op. 10. Whether Doe plausibly pleaded discriminatory intent, however, is a merits question improper for interlocutory review. The majority similarly assessed whether Doe alleged a sufficiently jeopardized interest in physical safety and protection. Op. 9 n.5. Those inquiries involve the legal adequacy of Doe's constitutional claim, not merely whether she alleged an injury, traceability, and redressability sufficient to invoke Article III jurisdiction. Doe had respectfully requested that if the Court reversed the district court concerning the

sufficiency of her Equal Protection claim, it should be without prejudice with leave to amend her complaint. Appellee Br. at 51 n.16.

By resolving merits questions under a standing label, the panel created the merits dispositive, multi-issue interlocutory appeal *Swint* warned against.

## CONCLUSION

For the foregoing reasons, Doe respectfully requests panel rehearing or rehearing en banc, vacatur of the panel opinion, and further appropriate relief.

Dated: September 8, 2026

**Hagedorn Law Firm, P.L.L.C.**

By s/ Adam C. Hagedorn
Adam C. Hagedorn (#399050)
2429 Nicollet Ave., 2nd Flr
Minneapolis, MN 55404
Telephone: (612) 230-7299
Facsimile: (612) 230-7204
adam@hagedornlawfirm.com

*Attorney for Petitioner Jane Doe*

**CERTIFICATE OF COMPLIANCE WITH FED R. APP. P. 32 AND 40.**

Counsel for Appellee/Petitioner Jane Doe certifies that this petition complies with the type-volume limitation of Fed. R. App. P. 40(d)(1) because it contains 3,882 words, including headings, footnotes and quotations, but excluding the parts of the petition exempted by Fed. R. App. P. 32(f), such as the cover page, table of contents, table of authorities, signature block, certificate of compliance, and proof of service.

This petition also complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5) and (6). It has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14 point Times New Roman. Counsel further certifies that this petition has been scanned for viruses and is virus free.

Dated: September 8, 2026

**Hagedorn Law Firm, P.L.L.C.**

By s/ Adam C. Hagedorn

Adam C. Hagedorn (Atty. No. 399050)
2429 Nicollet Ave., 2nd Flr.
Minneapolis, MN 55404
Telephone: (612) 230-7299
Facsimile: (612) 230-7204
adam@hagedornlawfirm.com

*Attorney for Petitioner Jane Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed Appellee/Petitioner Jane Doe's Petition for Rehearing En Banc with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. Counsel certifies all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 8, 2026

**Hagedorn Law Firm, P.L.L.C.**

By s/ Adam C. Hagedorn

Adam C. Hagedorn (Atty. No. 399050)
2429 Nicollet Ave., 2nd Flr.
Minneapolis, MN 55404
Telephone: (612) 230-7299
Facsimile: (612) 230-7204
adam@hagedornlawfirm.com

*Attorney for Petitioner Jane Doe*